**Xiu Jing DONG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**No. 03–40101–AG.**

United States Court of Appeals, Second Circuit.

Nov. 3, 2006.

Henry Zhang, New York, NY, for Petitioner.

Donald J. DeGabrielle, Jr., United States Attorney for the Southern District of Texas; Vernon L. Lewis, Assistant United States Attorney, Houston, TX, for Respondent.

Present: DENNIS JACOBS, Chief Judge, JOSEPH M. McLAUGHLIN and PIERRE N. LEVAL, Circuit Judges.

### SUMMARY ORDER

Petitioner Xiu Jing Dong, a native and citizen of the People's Republic of China, seeks review of a June 3, 2003 order of the BIA affirming the May 3, 2001 decision of Immigration Judge ("IJ") Adam Opaciuch

denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture, *In re Xiu Jing Dong*, No. A 76 627 429 (B.I.A. June 3, 2003), *aff'g* No. A 76 627 429 (Immig. Ct. N.Y. City May 3, 2001). We assume the parties' familiarity with the underlying facts and procedural history in this case.[1]

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003. 1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS*, 411 F.3d 54, 59 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice*, 362 F.3d 155, 159 (2d Cir.2004). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard.

Overall, substantial evidence supports the IJ's and BIA's adverse credibility determinations. For example, the IJ relied on the 1998 Profile, which indicates that, in Fujian Province, the use of intrauterine devices ("IUDs") was urged only for families who already had two children (and a second child was typically allowed if the first was a girl) and that the U.S. Embassy and Consulates General were unaware of so-called "abortion certificates" documenting a *forced* abortion (though hospitals issued a certificate upon a patient's request after a *voluntary* abortion). The observations of the State Department were probative, and support the IJ's finding that Dong's testimony was implausible. *See Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir.2006).

The IJ was permitted to rely on both the material implausibilities and more minor inconsistencies to find that, cumulatively, they adversely affected Dong's credibility. *See Tu Lin*, 446 F.3d at 402 (internal citations omitted) ("even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, ... the cumulative effect may nevertheless be deemed consequential by the fact-finder").

Because the only evidence of a threat to Dong's life or freedom or a risk of torture depended upon her credibility with respect to her family planning claim, the adverse credibility determination in this case necessarily precludes success on the claim for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005); *Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003); *cf. Ramsameachire v. Ashcroft*, 357 F.3d 169, 184–85 (2d Cir.2004) (holding that the agency may not deny a CAT claim solely on the basis of an adverse credibility finding made in the asylum context, where the CAT claim did not turn upon credibility).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appel-

---

1. Although Dong challenges the merits of both the denial of asylum, withholding of removal, and CAT relief, and the denial of her motion in her brief, she never filed a petition for review of the BIA's 2005 decision. Therefore, this Court lacks jurisdiction to address any of the arguments relating to the underlying denial of her motion to reopen. *See* 8 U.S.C. § 1252(b)(1); *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465

(1995) (a petition for review of a final order of removal and a petition for review of the denial of a motion to reopen involve "two separate petitions filed to review two separate final orders"); *see also Khouzam v. Ashcroft*, 361 F.3d 161, 164 (2d Cir.2004) (noting that a petition for review of a decision denying asylum and one of a denial of a motion each raise "a distinct set of issues").